Filed 1/22/21

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ALONZO LEE TAYLOR,<br><br>    Defendant and Appellant. | H047540<br>(Monterey County<br>Super. Ct. Nos. SS981425A,<br>SS001208A) |

Proposition 64 was approved by the voters in 2016 and is known as "the Control, Regulate and Tax Adult Use of Marijuana Act ('the Adult Use of Marijuana Act')." (Voter Information Guide, Gen. Elec. (Nov. 8, 2016)[1] text of Prop. 64, § 1, p. 178.) Health and Safety Code section 11362.1 was added by Proposition 64.[2]  (Voter Information Guide, *supra*, text of Prop. 64, § 4.4, p. 180.)  Subject to specified statutory exceptions, section 11362.1, subdivision (a) (section 11362.1(a)) declares it "lawful under state and local law . . . for persons 21 years of age or older to" "[p]ossess, process, transport, purchase, obtain, or give away to persons 21 years of age or older without any compensation whatsoever, not more than 28.5 grams of cannabis not in the form of concentrated cannabis."

---

[1] The Voter Information Guide cited in this opinion is available at the website of the California Secretary of State. (<https://vig.cdn.sos.ca.gov/2016/general/en/pdf/complete-vig.pdf> [as of Jan. 22, 2021], archived at <https://perma.cc/VX6N-5RRR>.)

[2] All further statutory references are to the Health and Safety Code unless otherwise stated.

Section 11361.8, which was also added by Proposition 64 (Voter Information Guide, *supra*, text of Prop. 64, § 8.7, pp. 207-208), establishes a postjudgment procedure for the filing of a petition for recall or dismissal of sentence when "[a] person currently serving a sentence for a conviction . . . would not have been guilty of an offense, or . . . would have been guilty of a lesser offense under the Control, Regulate and Tax Adult Use of Marijuana Act had that act been in effect at the time of the offense."[3]  (§ 11361.8, subd. (a) (§ 11361.8(a)).)

Alonzo Lee Taylor moved in propria persona to dismiss a 1999 felony conviction of violating Penal Code section 4573.6 (possession of controlled substance in prison) and a 2000 felony conviction of conspiracy to commit a crime (Pen. Code, § 182, subd. (a)(1)) pursuant to section 11361.8.  Defense counsel subsequently filed a notice of motion and motion for resentencing as to both convictions pursuant to section 11361.8.  In their opposition, the People asserted that possession of marijuana in prison and conspiracy to possess marijuana in prison continue to be public offenses after Proposition 64.  The trial court denied the motions.

On appeal, Taylor argues that under section 11362.1(a), the possession in prison of 28.5 or fewer grams of marijuana by a person who is at least 21 years old, like him, is not unlawful.  He maintains that subdivision (d) of section 11362.45, which was added by Proposition 64 (Voter Information Guide, *supra*, text of Prop. 64, § 4.8, p. 182), stated an exception to section 11362.1(a) for "smoking or ingesting" marijuana in a state prison

---

[3] Section 11361.8 also permits "[a] person who has completed his or her sentence for a conviction under [s]ections 11357, 11358, 11359, and 11360 . . . , who would not have been guilty of an offense or who would have been guilty of a lesser offense under the Control, Regulate and Tax Adult Use of Marijuana Act had that act been in effect at the time of the offense, [to] file an application . . . to have the conviction dismissed and sealed because the prior conviction is now legally invalid or redesignated as a misdemeanor or infraction in accordance with [s]ections 11357, 11358, 11359, 11360, 11362.1, 11362.2, 11362.3, and 11362.4 as those sections have been amended or added by that act."  (§ 11361.8, subd. (e).)

facility but *not* for possession of marijuana in prison. He contends that, consequently, under 11362.1(a), it is generally lawful for a person who is at least 21 years of age to possess 28.5 grams or less of marijuana, whether in the community or in prison. He further argues that since possession of such an amount of marijuana is no longer a crime, any agreement with others to possess 28.5 grams or less of marijuana is also no longer a crime. Taylor asserts that he would not have been guilty of those crimes had Proposition 64 been in effect at the time of his offenses.

Taylor asks this court "to remand the matter to permit the trial court to determine [whether] granting the requested relief 'would pose an unreasonable risk of danger to public safety' "[4] and to dismiss both marijuana-related convictions if the trial court determines that granting the petition would not pose such a risk. (See § 11361.8, subds. (a), (b).) Taylor does not argue that he "would have been guilty of a lesser offense under the Control, Regulate and Tax Adult Use of Marijuana Act had that act been in effect at the time of the offense." (§ 11361.8(a).)

The California Courts of Appeal have split on the issue of whether after Proposition 64, possession of 28.5 grams or less of marijuana or cannabis in prison or jail is unlawful under Penal Code section 4573.6. (Compare *People v. Perry* (2019) 32 Cal.App.5th 885 (*Perry*), review denied June 12, 2019, S255148, *People v. Whalum* (2020) 50 Cal.App.5th 1 (*Whalum*), review granted Aug. 12, 2020, S262935, and *People v. Herrera* (2020) 52 Cal.App.5th 982 (*Herrera*), review granted Oct. 14, 2020, S264339, with *People v. Raybon* (2019) 36 Cal.App.5th 111 (*Raybon*), review granted Aug. 21, 2019, S256978.) This court concluded in *Herrera* that "Proposition 64 did not

---

[4] Upon receiving a petition under section 11361.8(a), the court must "presume the petitioner satisfies the criteria in subdivision (a) unless the party opposing the petition proves by clear and convincing evidence that the petitioner does not satisfy the criteria." (§ 11361.8, subd. (b).) If there is not an adequate showing that the petitioner does not satisfy that criteria, the court must "grant the petition to recall the sentence or dismiss the sentence because it is legally invalid unless the court determines that granting the petition would pose an unreasonable risk of danger to public safety." (*Ibid.*)

decriminalize the possession of cannabis in a penal institution, and that [the] defendant was properly convicted under Penal Code section 4573.6 for possession of cannabis in jail." (*Herrera*, *supra*, at p. 985.) The California Supreme Court has granted review of several of these cases so that it may resolve the issue.[5]

In this case, we determine that cannabis is a controlled substance "the possession of which is prohibited by Division 10 (commencing with [s]ection 11000) of the Health and Safety Code."[6] (Pen. Code, § 4573.6, subd. (a).) We also confirm that the phrase "[l]aws pertaining to smoking or ingesting cannabis or cannabis products" in subdivision (d) of section 11362.45 (section 11362.45(d)) encompasses laws that govern possession of cannabis. Therefore, under the dictates of section 11362.45(d), although section 11362.1(a) partially decriminalizes possession of cannabis, it does not "amend, repeal, affect, restrict, or preempt" laws governing the possession of cannabis "on the grounds of, or within, any facility or institution under the jurisdiction of the Department of Corrections and Rehabilitation or the Division of Juvenile Justice, or on the grounds of, or within, any other facility or institution referenced in [s]ection 4573 of the Penal Code." (§ 11362.45(d).)

We reject Taylor's contentions and conclude that he is not entitled to dismissal of the two convictions under section 11361.8. Accordingly, we affirm the trial court's order denying Taylor's motions for dismissal pursuant to section 11361.8.

---

[5] The California Supreme Court has indicated that *Raybon*, S256798 "presents the following issue: Did Proposition 64 [the 'Adult Use of Marijuana Act'] decriminalize the possession of up to 28.5 grams of marijuana by adults 21 years of age or older who are in state prison as well as those not in prison?" In *Whalum*, S262935 and in *Herrera*, S264339, the Supreme Court ordered briefing deferred pending its decision in *Raybon*.)

[6] All further references to Division 10 are to Division 10 of the Health and Safety Code. Division 10 is known as the Uniform Controlled Substances Act. (§ 11000)

4

I

*Procedural History*

An abstract of judgment filed March 25, 1999 in *People v. Taylor* (Super. Ct. Monterey County, 1999, No. SS981425A) (case No. SS981425A) reflected that Taylor was convicted on February 16, 1999 of violating Penal Code section 4573.6 (possession of a controlled substance in prison) in 1998 and that he was sentenced to a two-year prison term for the crime. Taylor was ordered to serve the term consecutive to the sentence that he was already serving. The abstract of judgment did not reflect that the crime was marijuana related. It indicated that Taylor was born in 1950.

An abstract of judgment filed on September 19, 2000 in *People v. Taylor* (Super. Ct. Monterey County, 2000, No. SS001208A) (case No. SS001208A), and an amended abstract of judgment filed on March 27, 2002 in the same case, reflected that on August 3, 2000, Taylor was convicted by plea of conspiracy to commit a crime (Pen. Code, § 182, subd. (a)(1)), which was committed in 1999. The waiver-of-rights form signed by Taylor indicated he would be pleading no contest to an offense of "182/4573.6."[7] Taylor was sentenced to a four-year prison term for the crime and ordered to serve the term consecutive to the term imposed in case No. SS981425A. Neither this abstract of judgment nor the waiver form reflected that the crime was marijuana related. This abstract of judgment also indicated that Taylor was born in 1950.

---

[7] " 'A conviction of conspiracy requires proof that the defendant and another person had the specific intent to agree or conspire to commit an offense, as well as the specific intent to commit the elements of that offense, together with proof of the commission of an overt act "by one or more of the parties to such agreement" in furtherance of the conspiracy.' [Citations.]" (*People v. Johnson* (2013) 57 Cal.4th 250, 257.) The overt act need not be criminal. (*People v. Russo* (2001) 25 Cal.4th 1124, 1135.) A guilty plea or plea of nolo contendere "admits every element of the offense charged and is a conclusive admission of guilt. [Citations.]" (*People v. Maultsby* (2012) 53 Cal.4th 296, 302; see Pen. Code, § 1016, subd. 3.)

In 2019, in case No. SS981425A, Taylor moved, in propria persona, to dismiss his February 16, 1999 conviction of "possession of marijuana (re: less than an ounce)" under Penal Code section 4573.6. Also in 2019, in case No. SS001208A, Taylor moved, in propria persona, to dismiss his August 3, 2000 conspiracy conviction. Taylor indicated that this motion was based on "the Control, Regulate & Tax Adult Use of Marijuana Act."

Defense counsel subsequently filed, on behalf of Taylor, a notice of motion, motion, and memorandum of points and authorities to support dismissal of those two convictions (case Nos. SS981425A & SS001208A) pursuant to section 11361.8. The papers described the convictions as "marijuana related." Counsel argued that possession of "less than 28.5 grams of marijuana in prison by an adult" and "conspiring to possess marijuana in prison" were no longer crimes.

The People opposed the motions on the ground that possession of marijuana in prison and conspiracy to possess marijuana in prison continue to be public offenses after Proposition 64. They argued that under the plain statutory language, "if [m]arijuana is prohibited as a controlled substance with some exception[s], it is still a prohibited controlled substance for the purposes of Penal Code section 4573.6." They did not assert that Taylor had been convicted of possession of a controlled substance other than marijuana or possession, or conspiring to possess, more than 28.5 grams of marijuana in prison.[8]

The trial court denied Taylor's motions to dismiss his conviction of violating Penal Code section 4573.6 and his conviction of conspiring to violate Penal Code section 4573.6. Taylor appealed.

---

[8] The records of conviction that are part of our appellate record do not reflect that the conduct underlying the convictions involved marijuana, much less the amount. But the People have not disputed that marijuana was the controlled substance at issue in each case or that such marijuana meets the current definition of "cannabis."

II

*Discussion*

A. *Statutory Construction*

This case presents two separate questions of statutory construction or interpretation. "Statutory interpretation is a question of law that we review de novo. [Citation.]" (*Bruns v. E-Commerce Exchange, Inc.* (2011) 51 Cal.4th 717, 724.) We must determine the proper construction of both Penal Code section 4573.6 and section 11362.45(d).

" 'Our fundamental task in interpreting a statute is to determine the Legislature's intent so as to effectuate the law's purpose. We first examine the statutory language, giving it a plain and commonsense meaning. We do not examine that language in isolation, but in the context of the statutory framework as a whole in order to determine its scope and purpose and to harmonize the various parts of the enactment. If the language is clear, courts must generally follow its plain meaning unless a literal interpretation would result in absurd consequences [that] the Legislature did not intend. If the statutory language permits more than one reasonable interpretation, courts may consider other aids, such as the statute's purpose, legislative history, and public policy.' [Citation.]" (*Jarman v. HCR ManorCare, Inc.* (2020) 10 Cal.5th 375, 381.)

"[O]ur interpretation of a ballot initiative is governed by the same rules that apply in construing a statute enacted by the Legislature. [Citations.]" (*People v. Park* (2013) 56 Cal.4th 782, 796.) " 'Thus, "we turn first to the language of the statute, giving the words their ordinary meaning." [Citation.] The statutory language must also be construed in the context of the statute as a whole and the overall statutory scheme [in light of the electorate's intent]. [Citation.] When the language is ambiguous, "we refer to other indicia of the voters' intent, particularly the analyses and arguments contained in the official ballot pamphlet." [Citation.]' (*People v. Rizo* (2000) 22 Cal.4th 681, 685.) In other words, 'our primary purpose is to ascertain and effectuate the intent

7

of the voters who passed the initiative measure.' (*In re Littlefield* (1993) 5 Cal.4th 122, 130.)" (*People v. Briceno* (2004) 34 Cal.4th 451, 459.)

B. *Penal Code Section 4573.6*

Under Penal Code section 4573.6, a "person who knowingly has in his or her possession in any state prison . . . or in any county, city and county, or city jail . . . , any controlled substances, the possession of which is prohibited by Division 10 (commencing with [s]ection 11000) of the Health and Safety Code, . . . without being authorized to so possess the same by the rules of the Department of Corrections, rules of the prison or jail, . . . or by the specific authorization of the warden, superintendent, jailer, or other person in charge of the prison [or] jail . . . is guilty of a felony punishable by imprisonment pursuant to subdivision (h) of [s]ection 1170 for two, three, or four years."

Cannabis is, and marijuana previously was, defined as a Schedule I controlled substance under Division 10. (See §§ 11007, 11054, subd. (d)(13); Stats. 2002, ch. 664, § 130, p. 3858 [former § 11054, subd. (d)(13)]; see *Perry*, *supra*, 32 Cal.App.5th at p. 896, review denied, ["Cannabis remains a controlled substance under [D]ivision 10 [of the Health and Safety Code]."]; *People v. Harris* (2006) 145 Cal.App.4th 1456, 1464 [there are "clear indications within Division 10 that medical marijuana is a controlled substance."].) Penal Code section 4573.6 "applies to 'visitors and correctional officers *as well as to inmates.*' [Citations.]" (*People v. Low* (2010) 49 Cal.4th 372, 382-383 (*Low*).)

Taylor contends that as a result of the voters' approval of Proposition 64 and its enactment of section 11362.1, possession of 28.5 grams or less of marijuana in prison by a person who is at least 21 years old is not unlawful under Penal Code section 4573.6. According to Taylor, that is because Penal Code section 4573.6 does not simply prohibit possession of the controlled substances listed in Division 10. Rather, Taylor claims that it "only makes it illegal to have the controlled substance in prison if it would be unlawful for the defendant to possess it generally." Citing *Raybon*, and *People v. Fenton* (1993) 20 Cal.App.4th 965 (*Fenton*), Taylor maintains that if "it is lawful for the defendant to

8

possess a substance listed in Division 10 then he is not possessing 'any controlled substance the possession of which is prohibited by Division 10' and as such is not guilty of unlawfully possessing a controlled substance in prison." He maintains that his convictions—of violating Penal Code section 4573.6 and conspiring to violate that section—cannot stand because possession of 28.5 grams or less of marijuana by an adult 21 years of age or older is no longer prohibited by Division 10.

In *Fenton*, the defendant was convicted by a jury of violating Penal Code sections 4573 (bringing into prison or jail a controlled substance, the possession of which is prohibited by Division 10 . . . of the Health and Safety Code) and 4573.5 (bringing into prison or jail drugs, other than controlled substances). (*Fenton*, *supra*, 20 Cal.App.4th at p. 966.) The defendant had "smuggled" two substances "into a jail by placing them between his toes." (*Ibid.*) One of the substances was a tablet containing hydrocodone, which was an opiate and controlled substance (*id*. at p. 967), for which he "held a physician's prescription." (*Id*. at p. 966.) The other substance was a drug that was not a controlled substance. (*Ibid.*)

On appeal in *Fenton*, the defendant argued that "by utilizing the term 'prohibited by' when referring to [D]ivision 10 of the Health and Safety Code, [Penal Code section 4573] [did] more than simply incorporate a list of controlled substances and, consequently, [did] not prohibit bringing prescribed controlled substances into penal institutions." (*Fenton*, *supra*, 20 Cal.App.4th at p. 968.) The Third District Court of Appeal essentially accepted this argument.

The Third District concluded that Penal Code "[s]ection 4573 adopt[ed] the Health and Safety Code prohibition of possessing controlled substances and create[d] another crime of smuggling controlled substances into a penal institution." (*Fenton*, *supra*, 20 Cal.App.4th at p. 970.) The court found that in the case before it, the "relevant prohibition" in Division 10 was former section 11350, subdivision (a), which "proscribe[d] possession of a controlled substance 'unless upon the written prescription

9

of a physician.' " (*Fenton*, *supra*, at p. 967.)  Thus, "Health and Safety Code section 11350 does not prohibit possession of a controlled substance with a prescription." (*Id*. at p. 969.)  It determined that "the reference to [D]ivision 10 [had to] include the prescription exception because [Penal Code] section 4573 imports the prohibition against possession of controlled substances not the list of controlled substances." (*Ibid*.)  The Third District concluded that the "defendant did not violate [Penal Code] section 4573 because he had a physician's prescription for the hydrocodone." (*Id*. at p. 971.)

The Third District rejected in *Fenton* the People's contention that Penal Code section 4573 had to "be interpreted to prohibit individuals from bringing any controlled substance into penal institutions, whether or not they have a doctor's prescription for it." (*Fenton*, *supra*, 20 Cal.App.4th at p. 968, fn. omitted.)  The court disagreed with the claim that the Legislature "intended to import the list of controlled substances from the Health and Safety Code, not the prohibition which includes the prescription exception." (*Id*. at p. 970.)  The court reasoned that "[i]f the Legislature intended to import the list rather than the prohibition, it could have amended [Penal Code] section 4573 to prohibit smuggling 'any controlled substance, the possession of which is prohibited by *defined by* [*sic*] Division 10 . . . of the Health and Safety Code . . . .' " (*Id*. at p. 971, fn. 3.)

The Third District indicated that its conclusions rested on what it believed to be the "plain meaning" of the phrase "any controlled substance, the possession of which is prohibited by Division 10 (commencing with Section 11000) of the Health and Safety Code" in Penal Code section 4573.  The court found that "the 'plain meaning' of the statute is that one may bring controlled substances into a penal institution if an exception contained in [D]ivision 10 applies." (*Fenton*, *supra*, 20 Cal.App.4th at p. 969)  It stated that "since application of [Penal Code] section 4573, as written, [did] not lead to an absurd result, [it would] not look beyond the plain meaning to divine some unexpressed intent.  [Citation.]" (*Id*. at pp. 970-971, fn. omitted.)  The *Fenton* court held that "Penal

10

Code section 4573 does not proscribe smuggling a controlled substance into a jail as long as the smuggler/inmate has a physician's prescription." (*Id*. at pp. 966-967.) This holding in essence incorporated the prescription exception provided in section 11350 into Penal Code section 4573.[9] (See *People v. Mower* (2002) 28 Cal.4th 457, 480 ["the defense of possession of a dangerous or restricted drug with a physician's prescription negates the element of *unlawful* possession of such a drug"], 481 [For the prescription defense, "a defendant need raise only a reasonable doubt as to his or her possession of the drug in question with a physician's prescription. [Citation.]"].)

Taylor now asserts that the conduct of the defendant in *Fenton* was "not unlawful because nothing in Division 10 criminalized the possession of hydrocodone with a prescription." Taylor insists that "no difference" exists between "the statutory scope of the prohibition [at issue] in *Fenton*" under Penal Code section 4573 and the statutory scope of the prohibition at issue under Penal Code section 4573.6.

In *Raybon*, the other case relied upon by Taylor, the Third District relied upon its prior analysis in *Fenton*. (*Raybon*, *supra*, 36 Cal.App.5th at pp. 125-126, review granted.) It rejected the People's assertion that, based on "the arrangement of the words (the [D]ivision 10 language only modifying controlled substances)," "as long as [D]ivision 10 continues to ban cannabis in some contexts, the [D]ivision 10 language includes cannabis." (*Id*. at p. 120.) The Third District concluded that "[p]ossession of less than one ounce of cannabis is no longer prohibited by [D]ivision 10, and therefore, according to the plain language of Penal Code section 4573.6, it is no longer a felony to possess less than one ounce in prison." (*Id*. at p. 121.)

---

[9] Section 11377 (possession of specified controlled substances, not including cannabis) also contains a prescription exception.

11

In this case, because defendant relies heavily upon *Fenton*, we must more closely examine *Fenton*'s analysis than we previously did in *Herrera*.[10] Penal Code section 4573.6, like Penal Code sections 4573 and 4573.9, criminalizes certain conduct involving "any controlled substances, the possession of which is prohibited by Division 10 (commencing with [s]ection 11000) of the Health and Safety Code." The construction of this language is critical to the question whether the conduct— "possession" in the case of Penal Code section 4573.6—is criminal.

Penal Code "section 4573 and statutes with a similar structure and purpose have long been construed in light of each other. [Citations.]" (*Low*, *supra*, 49 Cal.4th at p. 389.) In attempting to ascertain the "plain meaning" of the critical phrase in Penal Code section 4573—"any controlled substance, the possession of which is prohibited by Division 10 (commencing with [s]ection 11000) of the Health and Safety Code"—the Third District in *Fenton* neglected to consider related statutes using that same language.[11] (See Pen. Code, §§ 4573.6, 4573.9; see also Welf. & Inst. Code, §§ 871.5, subd. (a), 1001.5, subd. (a).)

Courts "do not construe statutes in isolation, but rather read every statute 'with reference to the entire scheme of law of which it is part so that the whole may be harmonized and retain effectiveness.' [Citation.]" (*People v. Pieters* (1991) 52 Cal.3d 894, 899; *ZB, N.A. v. Superior Court* (2019) 8 Cal.5th 175, 189 [courts consider statutory "language in its 'broader statutory context' "].) "Identical language appearing in separate

---

[10] In *Perry*, the court stated, "We have no reason to disagree with the analysis in *Fenton*, but [*Fenton*] does not resolve the dispute in the present case because the situations differ significantly." (*Perry*, *supra*, 32 Cal.App.5th at p. 893, fn. omitted, review denied.)

[11] Penal Code section 4573.6 says "substances" rather than "substance." However, the use of the plural rather than the singular is of no import because the critical phrase— "the possession of which is prohibited by Division 10 (commencing with [s]ection 11000) of the Health and Safety Code"—is identical.

provisions dealing with the same subject matter should be accorded the same interpretation. [Citation.]" (*Walker v. Superior Court* (1988) 47 Cal.3d 112, 132.)

Penal Code section 4573.6, the statute at issue in this case, makes exceptions to the prohibited possession in prison and other custodial settings only where such possession is authorized "by the *rules* of the Department of Corrections, *rules* of the prison or jail, institution, camp, farm or place, or by *the specific authorization* of the warden, superintendent, jailer, or other person in charge of the prison, jail, institution, camp, farm or place." (Pen. Code, § 4573.6, subd. (a), italics added.)

Penal Code section 4573.9 , a related statute, criminalizes the conduct of a person *not* being held in custody who sells, furnishes, administers, or gives away "any controlled substance, the possession of which is prohibited by Division 10 (commencing with [s]ection 11000) of the Health and Safety Code," to a "person held in custody," or who *offers* to do any of the foregoing acts. The statute makes an exception to this prohibition only where "the recipient" of the controlled substance is "authorized to possess the same by the *rules* of the Department of Corrections, *rules* of the prison or jail, institution, camp, farm, or place, or by the *specific authorization* of the warden, superintendent, jailer, or other person in charge of the prison, jail, institution, camp, farm, or place." (Pen. Code, § 4573.9, subd. (a), italics added.)

Because both Penal Code section 4573.6 and Penal Code section 4573.9 use the same phrase referencing Division 10 and provide for similar exceptions based on the "rules" of the institution, the Division 10 phrase must be construed to have the same meaning in both statutes. It would be an awkward and unreasonable construction of the phrase "any controlled substance, the possession of which is prohibited by Division 10 (commencing with [s]ection 11000) of the Health and Safety Code" to make the unlawfulness of the conduct proscribed by Penal Code section 4573.9 turn on the circumstances of the particular "recipient"—an actual "recipient" or a "recipient" to whom an offer was made. It makes little sense to have the culpability of the perpetrator

13

depend, for example, upon whether "the recipient" happens to have a physician who recommended or approved the use of marijuana for personal medical purposes (see § 11362.5, subd. (d)) or whether "the recipient," where the amount of cannabis involved is 28.5 grams or less, happens to be at least 21 years of age and lacks intent to sell it (see §§ 11359, subds. (b)-(d), 11362.1, subd. (a)(1)).

In light of the purposes of Penal Code section 4573.9 and the related statutes, such a construction of Penal Code section 4573.9—based on the phrase "any controlled substance, the possession of which is prohibited by Division 10 (commencing with [s]ection 11000) of the Health and Safety Code"—would result in absurd consequences that could not have been intended. This court must "choose a reasonable interpretation that avoids absurd consequences that could not possibly have been intended. [Citations.]" (*People v. Bullard* (2020) 9 Cal.5th 94, 106.) Based on the entire statutory scheme, we conclude that the phrase "any controlled substance, the possession of which is prohibited by Division 10 (commencing with [s]ection 11000) of the Health and Safety Code" (Pen. Code, § 4573.9) refers to a general category of controlled substances, rather than a particular instance of possession, and encompasses those controlled substances, the possession of which is *in any way* prohibited by Division 10. This is the only construction that makes sense in the related statutes that use identical or essentially the same language. (See Pen. Code, §§ 4573, 4573.6, 4573.9; see also Welf. & Inst. Code, §§ 871.5, subd. (a), 1001.5, subd. (a).)

Penal Code section 4573.9's legislative history is consistent with our construction of the Division 10 language in that statute and in the related statutes. The 1990 Summary Digest of the bill that added Penal Code section 4573.9 stated that "[t]he bill would make it a felony punishable by imprisonment in state prison . . . for any person, other than a person held in custody, to sell, furnish, administer, or give, or offer to do the same, to any person held in the custody of a correctional institution *any prohibited controlled substance*, without authorization." (Legis. Counsel's Dig., Senate Bill No. 2863 (1989-

14

1990 Reg. Sess.) 5 Stats. 1990, Summary Dig., p. 648, italics added <https://clerk.assembly.ca.gov/sites/clerk.assembly.ca.gov/files/archive/Statutes/1990/90 Vol5_SumDigest.pdf#page=7> [as of Jan. 22, 2021], archived at <https://perma.cc/9C9Z-X8SB>.)  This statement bolsters our construction.[12]

" 'The words of the statute must be construed in context, keeping in mind the statutory purpose, and statutes or statutory sections relating to the same subject must be harmonized, both internally and with each other, to the extent possible.'  [Citation.]  In sum, ' "[r]ules of statutory construction require courts to construe a statute to promote its purpose, render it reasonable, and avoid absurd consequences." '  [Citation.]"  (*Quintano v. Mercury Casualty Co.* (1995) 11 Cal.4th 1049, 1055; see *People v. Mendoza* (2000) 23 Cal.4th 896, 908.)  Accordingly, we conclude that the phrase "any controlled substances, the possession of which is prohibited by Division 10 (commencing with [s]ection 11000) of the Health and Safety Code" in Penal Code section 4573.6 refers to the general category of controlled substances, the possession of which is in any way prohibited by Division 10.

This construction of the Division 10 phrase does not render nugatory any part of the Division 10 phrase.  Some types of possession of controlled substances are simply not prohibited by Division 10.  For example, the possession of an unusable amount—a trace amount or residue—of a controlled substance is not prohibited.  (See *People v. Leal* (1966) 64 Cal.2d 504, 512 [former section 11500]; *id.* at p. 507, fn. 5 [disapproving specified cases to the extent that "they suggest[ed] that such traces [could] serve as the

---

[12] " 'The Legislative Counsel's Digest is printed as a preface to every bill considered by the Legislature.'  [Citation.]  The Legislative Counsel's summaries 'are prepared to assist the Legislature in its consideration of pending legislation.'  [Citation.] Although the Legislative Counsel's summaries are not binding [citation], they are entitled to great weight.  [Citation.]  'It is reasonable to presume that the Legislature amended those sections with the intent and meaning expressed in the Legislative Counsel's digest.' [Citation.]"  (*Jones v. Lodge at Torrey Pines Partnership* (2008) 42 Cal.4th 1158, 1169-1170.)

basis of a conviction for knowing possession"]; see also *People v. Carrasco* (1981) 118 Cal.App.3d 936, 948 [possession within the meaning of Penal Code section 4573.6 means possession of a "usable quantity"]; *People v. Thomas* (1966) 246 Cal.App.2d 104, 111 ["provisions of law forbidding the possession of an illegal narcotic[, in that case marijuana,] do not contemplate that convictions should be obtained from the sole proof of the possession of minute quantities of the forbidden drug"].) In addition, there may well be controlled substances, possession of which is prohibited by only a law other than Division 10, such as the federal Controlled Substances Act (21 U.S.C. 801 et seq.) or a local ordinance. Therefore, we are compelled to disagree with *Fenton*'s construction of the phrase, "any controlled substance, the possession of which is prohibited by Division 10 (commencing with [s]ection 11000) of the Health and Safety Code," as referring to a particular instance of possession rather than describing a general category of controlled substances.

Our construction aligns with the intent underlying the Legislature's adoption of this statutory scheme. "[T]he Legislature has long viewed illegal drugs as a problem in penal institutions." (*People v. Gastello* (2010) 49 Cal.4th 395, 402.) "Section 4573 and similar laws flow from the assumption that drugs, weapons, and other contraband promote disruptive and violent acts in custody, including gang involvement in the drug trade. Hence, these provisions are viewed as ' "prophylactic" ' measures that attack the ' "very presence" ' of such items in the penal system. [Citations.]" (*Low*, *supra*, 49 Cal.4th at p. 388; see *ibid*. [historically, "the Legislature targeted inmates who, upon returning to penal institutions after performing labor outside, hid small amounts of opium and other narcotics in their clothing . . . [b]ecause such contraband often went undetected, and . . . threatened institutional control"].) The "ultimate evil with which the Legislature was concerned was drug use by prisoners," but the Legislature "chose to take a prophylactic approach to the problem by attacking the very presence of drugs and drug

16

paraphernalia in prisons and jails.  [Citation.]"  (*People v. Gutierrez* (1997) 52 Cal.App.4th 380, 386.)

Unlike the Third District, we find the construction of Penal Code section 4573.6 proffered by the People in *Raybon* reasonable, especially given the language and salutary purposes of that provision and related provisions.  In this case, the People argue that the "laws regulating contraband substances in state prisons and other custodial institutions must be viewed not only from the perspective of public health and safety but also from the perspective of institutional security."  We agree.

The most logical inference is that in enacting statutes governing controlled substances or drugs in prison, jail, and other custodial settings, the Legislature was seeking to keep unauthorized substances out of custodial settings to maintain institutional supervision, discipline, order, and safety, which could be threatened by the surreptitious use, circulation, or sale of those substances by persons in custody.  Accordingly, the most natural reading of the phrase "the possession of which is prohibited by Division 10 (commencing with [s]ection 11000) of the Health and Safety Code"—as it modifies "any controlled substance" or "any controlled substances" in Penal Code sections 4573, 4573.6, and 4573.9—is that the phrase describes a general category of controlled substances—not a particular instance of actual possession—and includes any controlled substance, possession of which is prohibited in any way by Division 10.

Lastly, with respect to Penal Code section 4573.6, the People incongruously insist that this appeal does *not* turn upon an interpretation of Penal Code section 4573.6, but rather upon an interpretation of Proposition 64.  They suggest that an inmate's unauthorized possession of a drug that is *not* a "controlled substance, the possession of which is prohibited by Division 10" can be prosecuted under Penal Code section 4573.8,[13] notwithstanding the changes made by Proposition 64.  The People

_____

[13] Penal Code section 4573.8, which was added in 1990 (Stats. 1990, ch. 1580, § 5), provides:  "Any person who knowingly has in his or her possession in any state

17

reason that "unauthorized possession of cannabis in prison—just like unauthorized possession of alcohol in prison—is still a felony" under Penal Code section 4573.8.

For a couple of reasons, we do not reach the issue whether possession of 28.5 grams or less of cannabis in prison can be prosecuted under Penal Code section 4573.8, which provides for lesser punishment than a violation of Penal Code section 4573.6. (See *ante*, fn. 14.) One, we have concluded that cannabis falls within the general description of "any controlled substances, the possession of which is prohibited by Division 10." (Pen. Code, § 4573.6, subd. (a).) Two, Taylor is not claiming that (a) he "would have been guilty of a lesser offense under the Control, Regulate and Tax Adult Use of Marijuana Act had that act been in effect at the time of [either of his] offense[s]" (§ 11361.8(a)) and that (b) pursuant to section 11361.8, he was entitled to resentencing under Penal Code section 4573.8.

We turn now to Proposition 64 and the parties' competing statutory constructions of section 11362.45(d).

_____

prison, prison road camp, prison forestry camp, or other prison camp or prison farm or any place where prisoners of the state are located under the custody of prison officials, officers, or employees, or in any county, city and county, or city jail, road camp, farm, or any place or institution, where prisoners or inmates are being held under the custody of any sheriff, chief of police, peace officer, probation officer, or employees, or within the grounds belonging to any jail, road camp, farm, place, or institution, drugs in any manner, shape, form, dispenser, or container, any device, contrivance, instrument, or paraphernalia intended to be used for unlawfully injecting or consuming drugs, or alcoholic beverages, without being authorized to possess the same by rules of the Department of Corrections, rules of the prison or jail, institution, camp, farm, or place, or by the specific authorization of the warden, superintendent, jailer, or other person in charge of the prison, jail, institution, camp, farm, or place, is guilty of a felony." (See Pen. Code, § 18 [the punishment for a felony not otherwise prescribed is "imprisonment for 16 months, or two or three years in the state prison unless the offense is punishable pursuant to subdivision (h) of [Penal Code s]ection 1170"]; see also § 11014 [defining "drug"].)

18

C. *Proposition 64*

Section 11362.1 was added by Proposition 64. (Voter Information Guide, *supra*, text of Prop. 64, § 4.4, p. 180.) Former section 11362.1, as added by Proposition 64, made it largely *lawful* under state and local law for persons 21 years of age or older to "[p]ossess, process, transport, purchase, obtain, or give away to persons 21 years of age or older without any compensation whatsoever" (1) "not more than 28.5 grams of marijuana not in the form of concentrated cannabis" and (2) "not more than eight grams of marijuana in the form of concentrated cannabis, including as contained in marijuana products."[14] (Voter Information Guide, *supra*, text of Prop. 64, § 4.4, p. 180.) A 2017 amendment of section 11362.1 replaced the word "marijuana" with the word "cannabis."[15] (Stats. 2017, ch. 27, § 129, eff. June 27, 2017.)

---

[14] Subdivision (a) of section 11362.1, as added by Proposition 64, made it lawful under state and local law, subject to exceptions, for "persons 21 years of age or older to: [¶] (1) Possess, process, transport, purchase, obtain, or give away to persons 21 years of age or older without any compensation whatsoever, not more than 28.5 grams of marijuana not in the form of concentrated cannabis; [¶] (2) Possess, process, transport, purchase, obtain, or give away to persons 21 years of age or older without any compensation whatsoever, not more than eight grams of marijuana in the form of concentrated cannabis, including as contained in marijuana products; [¶] (3) Possess, plant, cultivate, harvest, dry, or process not more than six living marijuana plants and possess the marijuana produced by the plants; [¶] (4) Smoke or ingest marijuana or marijuana products; and [¶] (5) Possess, transport, purchase, obtain, use, manufacture, or give away marijuana accessories to persons 21 years of age or older without any compensation whatsoever." (Voter Information Guide, *supra*, text of Prop. 64, § 4.4, p. 180.)

[15] Section 11018 now defines "cannabis" to mean "all parts of the plant Cannabis sativa L., whether growing or not; the seeds thereof; the resin extracted from any part of the plant; and every compound, manufacture, salt, derivative, mixture, or preparation of the plant, its seeds or resin." The definition "does not include either of the following: [¶] (a) Industrial hemp, as defined in [s]ection 11018.5. [¶] (b) The weight of any other ingredient combined with cannabis to prepare topical or oral administrations, food, drink, or other product." (§ 11018.) Former section 11018, as amended by Proposition 64, defined "marijuana." (Voter Information Guide, *supra*, text of Prop. 64, § 4.1, p. 180.) In 1998 and 1999, when Taylor committed the crimes of which he was convicted,

Section 11362.1(a) does not make it universally lawful for a person 21 years of age or older to possess 28.5 grams or less of cannabis. Section 11362.1(a) begins: "Subject to [s]ections 11362.2, 11362.3, 11362.4, and 11362.45, but notwithstanding any other provision of law, it shall be lawful under state and local law, and shall not be a violation of state or local law . . . ." Importantly, the mere existence of a statutory exception to section 11362.1's general declaration of lawfulness does not by itself create a criminal offense subject to statutorily prescribed punishment.

" 'The statutory phrase "notwithstanding any other provision of law" has been called a " 'term of art' " [citation] that declares the legislative intent to override all *contrary* law.' [Citation.]" (*Arias v. Superior Court* (2009) 46 Cal.4th 969, 983.) Accordingly, the prefatory phrase "notwithstanding any other provision of law" has a broad sweep. But it renders inapplicable "only those provisions of law that conflict with the act's provisions" (*ibid.*) and not "every provision of law." (*Ibid.*) Moreover, the "notwithstanding any other provision of law" provision in section 11362.1 is expressly limited by the stated exceptions. Accordingly, section 11362.45(d), one of the provisions to which section 11362.1(a) is subject, necessarily overrides its "notwithstanding any other provision of law" language.

Section 11362.45 was also added by Proposition 64. (Voter Information Guide, *supra*, text of Prop. 64, § 4.8, p. 182.) Section 11362.45(d)), as enacted, made clear that "[n]othing in [s]ection 11362.1 shall be construed or interpreted to *amend*, *repeal*, *affect*, *restrict*, *or preempt*: [¶] . . . [¶] . . . [*l*]*aws pertaining to smoking or ingesting marijuana or marijuana* products on the grounds of, or within, any facility or institution under the jurisdiction of the Department of Corrections and Rehabilitation or the Division of Juvenile Justice, or on the grounds of, or within, any other facility or institution referenced in [s]ection 4573 of the Penal Code." (Voter Information Guide, *supra*, text

section 11018 defined "marijuana" as "cannabis" is now defined, but the exceptions to the basic definition were different. (See Stats. 1972, ch. 1407, § 3, p. 2989.)

20

of Prop. 64, § 4.8, p. 182, some original italics omitted.)  In 2017, section 11362.45 was amended to refer to "cannabis and cannabis products" instead of "marijuana or marijuana products."  (Stats. 2017, ch. 27, § 133, eff. June 27, 2017.)

Taylor argues that the exception set forth in section 11362.45(d) does not apply to his convictions because "[h]ad the [e]lectorate intended to permit a blanket prohibition of all things marijuana on the grounds of a state prison they could simply have brought that about by inserting the words 'or possession' after the word 'ingesting' in subdivision (d)."  He infers from the omission of the word "possession" that "[t]his subdivision does not apply to possession of marijuana."

Taylor points out that section 11362.3, subdivision (a)(5), another exception to section 11362.1(a), makes clear that section 11362.1(a) "does not permit any person to" "[p]ossess, smoke, or ingest cannabis or cannabis products in or upon the grounds of a school, day care center, or youth center while children are present."  He argues that the foregoing provision shows that the voters knew how "to outlaw possession when that was their intent."  Taylor asserts that the meaning of section 11362.45(d) is not ambiguous, and it explicitly omits possession.  Taylor suggests that section 11362.45(d)'s phrase— "[l]aws pertaining to smoking or ingesting [marijuana]"—merely refers to "methods of consumption."  He proposes that this language "be read broadly to prohibit all modalities of consumption of marijuana."  Taylor's contentions essentially track the arguments accepted by the Third District in *Raybon*.

In *Raybon*, the Third District agreed with the "defendants that consumption can be achieved in ways not strictly involving smoking or ingesting, such as inhaled as a nonburning vapor or applied topically such that it is absorbed through the skin." (*Raybon*, *supra*, 36 Cal.App.5th at p. 122, review granted.)  The court concluded that "[b]y including the language 'pertaining to smoking and ingesting,' the drafters allowed for these various forms of consumption in prison to remain unlawful" (*ibid*.) and that

21

"[h]ad the drafters intended for possession to remain a felony, along with consumption, they would have said so."  (*Ibid.*)

Taylor's argument and the Third District's analysis in *Raybon* fail to account for differences in the language used in various subdivisions of section 11362.45, such as the use of the phrase "[l]aws making it unlawful to" in subdivision (a) and the use of the phrase "[l]aws prohibiting" in subdivisions (b) and (c).[16]  We continue to adhere to the previous conclusion of this court that "[t]he use of the phrase 'pertaining to' in subdivision (d) [of section 11362.45], in contrast to the language used in subdivisions (a) through (c) [of that section], indicates an intent to carve out laws beyond those that only make unlawful or only prohibit the smoking or ingesting of cannabis.  [Citations.]" (*Herrera*, *supra*, 52 Cal.App.5th at p. 992, review granted.)

We agree with the other cases finding that the phrase "pertaining to" in section 11362.45(d) has a wide scope.  (See *Herrera*, *supra*, 52 Cal.App.5th at p. 991, review granted; *Whalum*, *supra*, 50 Cal.App.5th at pp. 11-12, review granted; *Perry*, *supra*, 32 Cal.App.5th at p. 891, review denied.)  The word "pertain" has been broadly defined to mean "to have some connection with or relation to something:  have reference:  relate." (Merriam-Webster Unabridged Dict. <https://unabridged.merriam-webster.com/unabridged/pertain> [as of 1/22/2021], archived at <https://perma.cc/GK6K-XU4Y>.)  We concur with the *Perry* court, which stated: "While section [11362.45(d)] does not expressly refer to 'possession,' its application to

---

[16] Section 11362.45 provides in part: "Section 11362.1 does not amend, repeal, affect, restrict, or preempt:  [¶]  (a) Laws making it unlawful to drive or operate a vehicle, boat, vessel, or aircraft, while smoking, ingesting, or impaired by, cannabis or cannabis products, including, but not limited to, subdivision (e) of [s]ection 23152 of the Vehicle Code, or the penalties prescribed for violating those laws.  [¶]  (b) Laws prohibiting the sale, administering, furnishing, or giving away of cannabis, cannabis products, or cannabis accessories, or the offering to sell, administer, furnish, or give away cannabis, cannabis products, or cannabis accessories to a person younger than 21 years of age.  [¶]  (c) Laws prohibiting a person younger than 21 years of age from engaging in any of the actions or conduct otherwise permitted under Section 11362.1."

22

possession is implied by its broad wording—'[l]aws *pertaining to* smoking or ingesting cannabis.' (Italics added.) Definitions of the term 'pertain' demonstrate its wide reach: It means 'to belong as an attribute, feature, or function' (<Merriam-Webster Dict. Online (2019) <merriam-webster.com/dictionary/pertain> [as of Feb. 28, 2019]), 'to have reference or relation; relate' (Dictionary.com (2019) <dictionary.com/browse/pertain?s=1> [as of Feb. 28, 2019]), '[b]e appropriate, related, or applicable to' (Lexico (2019) <en.oxforddictionaries.com/definition/pertain> [as of Feb. 28, 2019] ). We would be hard pressed to conclude that possession of cannabis is *unrelated* to smoking or ingesting the substance." (*Perry*, *supra*, at p. 891, review denied.) As the *Perry* court observed, "[i]n the context of possession in prison, it is particularly obvious that possession must 'pertain' to smoking or ingesting. For what purpose would an inmate possess cannabis that was not meant to be smoked or ingested by anyone?" (*Id*. at p. 892.)

In *Perry*, the First District Court of Appeal found that "Proposition 64, in sections 11362.1 and 11362.45, was intended to maintain the status quo with respect to the legal status of cannabis in prison." (*Perry*, *supra*, 32 Cal.App.5th at p. 893, review denied.) It determined that "a conclusion that [D]ivision 10 [of the Health and Safety Code] does not prohibit the possession of not more than 28.5 grams of cannabis for purposes of Penal Code section 4573.6 would make meaningless the express provision of Proposition 64 that its legalization of cannabis did not "amend, repeal, affect, restrict, or preempt: [¶] . . . [¶] . . . [l]aws pertaining to smoking or ingesting cannabis" in penal institutions. (§ 11362.45, subd. (d).)" (*Id*. at p. 894.) We agree.

Following Proposition 64, smoking or ingesting cannabis remains unlawful in many locations in California. (See, e.g., §§ 11362.3, subds. (a)(1) ["in a public place, except in accordance with [s]ection 26200 of the Business and Professions Code"], (a)(2) ["where smoking tobacco is prohibited"], (a)(3) [with specified exceptions, "within 1,000 feet of a school, day care center, or youth center while children are present"],

23

(a)(5) ["in or upon the grounds of a school, day care center, or youth center while children are present"], 11362.4, subds. (a), (b), (c) [penalties for certain conduct described in section 11362.3, subd. (a)]; see also § 11357, subd. (c).)  In addition, the declaration of lawfulness in section 11362.1 "does not permit any person to:  [¶] . . . [¶] . . . [s]moke or ingest cannabis or cannabis products while driving, operating a motor vehicle, boat, vessel, aircraft, or other vehicle used for transportation; [or to] [¶] [s]moke or ingest cannabis or cannabis products while riding in the passenger seat or compartment of a motor vehicle, boat, vessel, aircraft, or other vehicle used for transportation [with a specified exception]." (§ 11362.3, subd. (a)(7), (a)(8).)  Under legislation passed in 2017, smoking or ingesting marijuana while driving or riding as a passenger in a motor vehicle on highways or specified lands is punishable as an infraction.  (Veh. Code, §§ 23220, 23221.)

However, nothing in the laws enacted or amended by Proposition 64 makes smoking or ingesting marijuana or cannabis in prison or other custodial settings subject to punishment.  Further, nothing in Penal Code sections 4573 to 4573.9—or Welfare and Institutions Code sections 871.5 and 1001.5—which were not amended by Proposition 64, makes it a crime, subject to punishment, to smoke or ingest cannabis or marijuana in prison or other custodial settings.  Significantly, section 11362.45(d) does not establish a new offense subject to punishment.  Rather, section 11362.45 establishes that "[s]ection 11362.1 does not amend, repeal, affect, restrict, or preempt" certain types of laws.

" 'Statutes must be interpreted, if possible, to give each word some operative effect.' [Citation.]  'We do not presume that the Legislature performs idle acts, nor do we construe statutory provisions so as to render them superfluous.' [Citation.]" (*Imperial Merchant Services*, *Inc*. *v*. *Hunt* (2009) 47 Cal.4th 381, 390.)  Taylor's proposed construction of section 11362.45(d) would leave the provision without any

operative effect.  Therefore, it should be rejected because there is a contrary reasonable construction that gives that provision effect.

In *Whalum*, the Fourth District Court of Appeal concluded that the crime of violating Penal Code section 4573.8 (unauthorized possession of drugs or alcoholic beverages in prison, jail, and other specified custodial settings) (see *ante*, fn. 14) was "not affected by Proposition 64" and that "the trial court properly determined that Whalum was not entitled to relief [pursuant to section 11361.8]."  (*Whalum*, *supra*, 50 Cal.App.5th at p. 3, review granted.)  The court reasoned:  "[L]ong before Proposition 64 was adopted, case law recognized that although 'the ultimate evil with which the Legislature was concerned was drug use by prisoners,' the Legislature ' "chose to take a prophylactic approach to the problem by attacking the very presence of drugs and drug paraphernalia in prisons and jails." ' [Citation.]  Thus, even though Penal Code section 4573.8 criminalizes *possession* rather than *use* of drugs in a correctional institution, it is nevertheless properly described as a law 'pertaining to smoking or ingesting cannabis' in such a setting, as it is part of [a] prophylactic approach to prevent prisoners from *using* drugs."  (*Id*. at p. 12, fn. omitted.)  The court found:  "[I]t does not strain the meaning of 'pertaining to' for someone to say that a law criminalizing the possession of cannabis is a law 'pertaining to' the smoking or ingestion of cannabis, as one has a causal relationship to the other.  Specifically, it is necessary to possess cannabis in order to smoke or ingest it, and cannabis is usually possessed in prison because someone wants to use it."  (*Id*. at p. 12, fn. 8.)

In *Herrera*, a direct appeal from a judgment, this court concluded that "[the] defendant was properly convicted under Penal Code section 4573.6 for possession of cannabis in jail."  (*Herrera*, *supra*, 52 Cal.App.5th at p. 985, review granted.)  This court determined that "Proposition 64 did not decriminalize the possession of cannabis in a penal institution" (*ibid.*) and that the "defendant was properly convicted under Penal Code section 4573.6 for possession of cannabis in jail" after Proposition 64.  (*Herrera*,

25

*supra*, at p. 987.) Agreeing with the analysis in *Perry*, this court observed that "in order for section 11362.45(d), which carves out '[l]aws pertaining to smoking or ingesting' cannabis in prison or jail, to have *any* meaning in view of the preexisting statutory scheme, section 11362.45(d) must be construed as having a broader application than to just a law that expressly prohibits the smoking or ingesting of cannabis in prison or jail, as no such law exists." (*Id*. at p. 992.) We continue to adhere to that view.

Nothing in the legislative history undermines our construction of section 11362.45(d). As the *Perry* court observed: "The Voter Guide did not in any way address the subject of cannabis possession or use in prison." (*Perry*, *supra*, 32 Cal.App.5th at p. 895, review denied; see Voter Information Guide, *supra*, pp. 9-97 analysis of Prop. 64 by the Legislative Analyst; *id*., argument in favor of Prop. 64 and rebuttal to the argument in favor of Prop. 64, p. 98; *id*., argument against Prop. 64 and rebuttal to the argument against Prop. 64, p. 99.)

Taylor was not entitled to relief pursuant to section 11361.8.

DISPOSITION

The order denying the motions brought pursuant to section 11361.8 is affirmed.

_____
ELIA, ACTING P.J.

I CONCUR:


_____
BAMATTRE-MANOUKIAN, J.

*People v. Taylor*
H047540

Danner, J., concurring in the judgment.

I agree that the trial court properly denied appellant Alonzo Lee Taylor's motion. I would affirm the trial court's order based on Health & Safety Code section 11362.45, as interpreted by this court in *People v. Herrera* (2020) 52 Cal.App.5th 982, 995.

_____

Danner, J.

*People v. Taylor*
**H047540**

Trial Court:                                          Monterey County
                                                     Superior Court Nos.:  SS981425A
                                                     SS001208A


Trial Judge:                                         Honorable Mark E. Hood



Counsel for Plaintiff and Respondent                 Xavier Becerra
THE PEOPLE                                           Attorney General

                                                     Lance E. Winters,
                                                     Chief Assistant Attorney General

                                                     Jeffrey M. Laurence,
                                                     Senior Assistant Attorney General

                                                     Eric D. Share,
                                                     Supervising Deputy Attorney General

                                                     Melissa J. Kendra,
                                                     Deputy Attorney General




Counsel for Defendant and Appellant                  Edward Mahler
ALONZO LEE TAYLOR

*People v. Taylor*
H047540